R. B. ELLIS v. THE N. C. INSTITUTION for the DEAF and DUMB and the BLIND.

An appointee of a Board of Directors of an Institution authorized to make by-laws, is bound by all the provisions of the by-laws in force at the time of his appointment.

The appointment of a *de facto* Board of Directors must have the same force and effect, as if made by a regular legal board; and the acceptance of an appointment by one, is considered that the acceptance is to be governed by the by-laws then in force.

STATEMENT of facts, which might be the subject of a civil action, submitted to *Watts, J.,* at Chambers, in the county of WAKE, 22d February, 1873, and by him determined.

" The plaintiff and defendant agree to the following statement of facts, which might be the subject of a civil action, and submit the same to the Court.

1. R. B. Ellis, the plaintiff, was on the 13th day of June, 1870, duly elected by the then Board of Directors of the

said Institution, steward and physician of said Institution, and was notified of such election as follows, viz:

RALEIGH, N. C., Sept. 21, 1870.

*To Dr. R. B. Ellis :*—At a meeting of the Board of Directors of this Institution, held June 13th, 1870, you were elected steward and physician for the ensuing year ending June 1st, 1871. Your salary will be $900, and board of self, wife and child and servant. Please inform us whether or not you will accept the position.

W. J. PALMER, Sec'y.

2. That plaintiff duly accepted the said position upon the terms offered, and entered upon the duties incident thereto; that he continued in discharge of the same until on or about February 1, 1871, when he was removed by the present Board of Trustees of said Institution, or by persons claiming to be such Board and acting as such, under authority of an act of the General Assembly, ratified January 21, 1871, acts of 1870'–71, chap. 35; that in compliance with a notice to that effect, he turned over to his successor in office of steward, all papers and other property belonging to said office—said successor having been chosen by said Board of Trustees. That plaintiff received his salary, board, &c., up to the date of his removal; he was ready and willing to continue in the office of steward and physician, but signified no such readiness to said Board of Trustees; that no cause was assigned *to the plaintiff* for his removal.

3. That the following is one of the by-laws for the government of said Institution :

" (1.) The officers of the Institution shall be elected by the Board of Directors in June of each year. The principal shall hold his office for the term of two years from the first day of September succeeding his election. The other officers shall hold their offices from the first day of September succeeding their election.

(2.) It shall require five members of the Board of Directors to displace any officer during his term of office."

The plaintiff was displaced at a regular meeting of said Board of Trustees, (the full number seven being present,) by a unanimous vote.

4. The board for plaintiff and family was reasonably worth $75 per month.

5. The successor to said plaintiff was paid a salary from the date of plaintiff's displacement.

6. The said Board of Directors before the displacement, had yielded peaceable possession of said Institution, upon demand, to defendants.

7. The steward is an officer of the institution under the by-laws.

If the Court shall be of opinion that the plaintiff is entitled to recover, then judgment is to be entered in his favor for $750, and for costs.

If the Court shall be of opinion that the plaintiff has no right of action against the defendants, then judgment is to be entered for the defendants for costs.

If the Court shall be of opinion that the plaintiff is not entitled to recover anything, then judgment is to be entered in favor of the defendants for costs."

After argument, his Honor being of opinion with plaintiff, gave judgment accordingly. From this judgment the defendants appealed.

*Busbee & Busbee,* for appellants.
*Argo & Harris,* contra.

BOYDEN, J. There are several questions raised in this case, but as one point is so clearly against the plaintiff's right to maintain this action, we deem it unnecessary to notice any other.

The case agreed states that the plaintiff was elected stew-

ard and physician by the board of directors regularly in office in the Institution, for one year, and before his term of office had expired for which he had been elected, he was removed and displaced by the new board who were appointed by the Legislature, under the act of Assembly passed the 21st day of January, 1871, Acts of 1870–'71, chap. 35.

The law creating this corporation authorized the making of by-laws for the government of the Institution, and the board of directors had, in pursuance of the law, enacted various by-laws, and among others there was one which prescribed that any officer elected might be removed by a certain vote of a majority of the board. It is agreed that the steward was an officer of the Institution, and that he had been displaced or removed by the unanimous vote of the board of directors, at a regular meeting of the board of directors in office under the above recited act of the Legislature; that the plaintiff had been notified of his displacement, and in compliance with a notice to that effect the plaintiff turned over to his successor, as steward, all the property belonging to said office. But the plaintiff was willing, the case states, to continue in his office of steward and physician, but signified no such willingness to said board of directors. That no cause was assigned to the plaintiff for his removal. This raises the question, we think, which must determine the plaintiff's right in this case.

It is argued, with much earnestness, *First*, that the board of directors appointed by the Legislature were mere intruders into these offices, and were not even officers *de facto*, as they were in without any color of title to the office; and, *secondly*, that if they were officers *de facto*, the plaintiff was not subject to be removed by any action under this by-law, unless he had been notified thereof at the time he accepted the office, and that even then he could not be removed without a sufficient reason being assigned for his removal.

We think the counsel for the plaintiff is mistaken in the

positions above recited. First the board were in, under the color of an act of the Legislature and the former board had peaceably surrendered their positions in the board to those directors, and under the law as they supposed, they were exercising and discharging all the duties devolved upon such officers. This we hold constituted them officers *de facto*, and as has been decided at this term they are not officers *de jure*. And we hold that acts of this *de facto* board in the discharge of the ordinary duties of the board, are to have the same force and effect as if made by a regular legal board. So, as we regard the law, the only question for us to decide is, whether the plaintiff, when he accepted this appointment and entered upon the discharge of his duties as an officer of the board, was bound by the by-laws of the institution in force at that time, without being specially notified therof. Upon this question the Court entertains no doubt, that every officer elected and inducted in office is bound to take notice of the by-laws and govern himself accordingly ; so that the plaintiff having been elected as stewart and physician of this institution when this by-law was in force, he is just as much bound thereby, as if it had been expressly stipulated, that he was to hold said office for the term of one year, unless he should be displaced by a vote of the board, five of the directors voting for his removal.

This disposes of the plaintiff's case. But we cannot permit this occasion to pass, without remarking that we deem this by-law, not only proper and reasonable, but absolutely indispensable, and we cannot see how such an institution could be managed at all, without the power to remove a disagreeable or objectionable stewart and physician. Should it be manifest that his services as a physician were injuring instead of benefiting the patients ; must he still continue to prescribe for the pupils until the close of the year ? Should he furnish unwholesome provisions, must the pupils in the institution eat them or starve ? Should he conduct in such

a manner as to render the pupils dissatisfied or disobedient; must such conduct be borne until the close of the year? Surely not.

These remarks are general and have no reference to the plaintiff. There are a thousand ways, by which a steward and physician might thwart and destroy the influence of the teachers over their pupils which might be difficult of proof although the directors might be fully satisfied of their existence. So that to require a sufficient reason on the removal of such officers to be assigned, would be almost equivalent to having no right of removal at all.

There is error.

PER CURIAM.                              Judgment reversed.

READE, J., *dissentiente.* I do not think the rightful Board could have removed the plaintiff, *without* cause; and I do not think the wrongful Board, could have removed him at all. And yet I do not think the plaintiff can recover, of the Institution, because, for some reason or other, he did not render the service; and it was not the fault of the Institution that he did not.

Whether the plaintiff has the right to recover, of those who wrongfully removed him, or of him, who wrongfully received the emoluments to which he was entitled, is not before us.