## R. G. PACKARD CO. v. COMMISSIONERS OF THE PALISADES INTER-STATE PARK.

(District Court, S. D. New York.   January 14, 1916.)

COURTS ⬤◯➡303(1)—FEDERAL COURTS—ACTIONS AGAINST STATE—IMMUNITY FROM SUIT—WAIVER.

Laws N. Y. 1900, c. 170, creating a commission to select lands in the Palisades on the Hudson river to establish a state park, section 2 (as amended by Laws N. Y. 1915, c. 562) of which provides that the board of commissioners and their successors are thereby created a body politic, with power to sue and be sued, to use a common seal, and to make and adopt by-laws to regulate its proceedings, and authorized to choose its officers and employés, and section 5 of which empowers the board to take in fee or otherwise by gift, devise, or eminent domain, and that deeds of conveyance for such land shall be made to the board of commissioners by its corporate name, created a corporation, and thereby the state waived its immunity from suit against the commission by a citizen of another state given it by Const. Amend. 11.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 844.]

At Law.   Action by the R. G. Packard Company against the Commissioners of the Palisades Interstate Park.   On demurrer by defendant.   Demurrer overruled.

Mark Ash, of New York City, for plaintiff.
George A. Blauvelt, of New York City, for defendant.

MAYER, District Judge.   The action is to recover damages for an alleged breach of a contract entered into between plaintiff and the defendant, Commissioners of the Palisades Interstate Park.   The demurrer interposed by defendant raises the sole question as to whether this court has jurisdiction of the defendant in this action; it being claimed that the defendant is, to all intents, the sovereign state of New York, and therefore cannot be sued in this court, by virtue of the provisions of the Eleventh Amendment to the Constitution of the United States.

By chapter 170 of Laws of 1900, the state of New York provided for a commission, the purpose of which was to select and locate lands in the Palisades on the Hudson river, in order to establish a state park, and thereby preserve ·the scenic beauty of the Palisades.   Under the act, a board of commissioners was created a body politic, with power to sue and be sued.   Sections 2 and 5 provide, among other things, as follows:

"Sec. 2. *Such board of commissioners, and their successors, are hereby created a body politic, with power to sue and be sued, to use a common seal, and to make and adopt by-laws to regulate its proceedings.   Such board shall annually choose from among its members a president, a vice president, treasurer and secretary and appoint such other officers and such other employees, including patrolmen, as it may deem necessary to carry out the purpose of this act, and may employ counsel.*"   (As amended by Laws 1915, c. 562.)

. "Sec. 5. The said board of commissioners shall have the power to acquire, maintain and make available for use as a public park the lands located as aforesaid, and for this purpose shall have power to take in fee or otherwise, *by purchase, gift, devise or eminent domain, the said lands, or any of them, and any rights, interests and easements therein, and to receive by gift, contribution or bequest moneys to be used in acquiring or improving the said lands or any of them; deeds of conveyance for such lands shall be made to said board of commissioners by its corporate name, and it shall be the duty of said board to preserve, care for, lay out and improve the said park and to make rules for the use and government of the same.*"

The act has been amended in some particulars, not here relevant, except that Laws 1915, c. 562, reiterate the provisions of section 2, supra. There is no question that the act describes, in every sense, a corporation, and gives to the so-called body politic, thus created, all of the powers and machinery of a corporation.

It is well settled that a state may waive its immunity (36 Cyc. 912, and authorities cited), and thus create a corporation of this character, which may be sued on its contracts in a court of general jurisdiction. The opinion of Judge Dietrich in the comparatively recent case of Interstate Const. Co., Ltd., v. Regents of the University of Idaho (D. C.) 199 Fed. 509, makes unnecessary further citations or references.

The fact that the state of New York has made various appropriations for defendant does not affect nor change the proposition here involved. To ascertain whether immunity has been waived, we must look to the statute which describes and defines the character of the corporation created and the powers conferred upon it.

The demurrer is overruled.