INTERSTATE WRECKING CO., INC., PLAINTIFF-RESPON-
DENT, v. PALISADES INTERSTATE PARK COMMISSION,
DEFENDANT-APPELLANT, AND CLARKE & RAPUANO,
INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1969—Decided March 3, 1970.

Before Judges CONFORD, COLLESTER and KOLOVSKY.

*Mr. Julius L. Sackman,* Assistant Attorney General of New York, argued the cause for appellant (*Mr. Louis J. Lefkowitz,* Attorney General of New York, by *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mrs. Ruth Kessler Toch,* Solicitor General of New York; *Mr. J. Joseph Murphy,* Assistant Attorney General of New York; *Mr. Stephen Skillman,* Deputy Attorney General of New Jersey, of counsel and on the brief).

*Mrs. Sonia Napolitano* argued the cause for plaintiff-respondent (*Messrs. Pindar, McElroy, Connell, Foley & Geiser,* attorneys; *Mr. Theodore W. Geiser,* of counsel).

*Mr. Clifford J. Sheehan* argued the cause for defendant-respondent (*Messrs. Hueston & Hueston,* attorneys).

The opinion of the court was delivered by

KOLOVSKY, J. A. D. Palisades Interstate Park Commission (Commission) appeals on leave granted from an order of the Law Division denying its motion to dismiss the complaint and to quash the service of summons. The Commission contends that the New Jersey courts have no jurisdiction either

over the subject matter of the action against it or the person of the Commission. It does not challenge the method of service, here by registered mail.

The Commission had advertised in New York for bids for the work involved in demolishing buildings on Iona Island, Rockland County, preparatory to the development of the island for recreation purposes. The bid of plaintiff, a New Jersey corporation, was accepted and a contract executed. The work was completed; plaintiff was paid the contract price but its claim for extras was rejected.

Plaintiff instituted this action in the Superior Court, Law Division, against the Commission and its engineer Clarke & Rapuano, Inc. which had prepared the pre-bid information and supervised the work under the contract. The first three counts seek to recover from the Commission the reasonable value of extra work done and damages allegedly caused by misrepresentations in the pre-bid information furnished. The last two counts charge the engineer with negligence in preparing the pre-bid information and in supervising plaintiff in the performance of its work.

The Commission was created by an interstate compact between New York and New Jersey (*L.* 1937, *c.* 148, now *N. J. S. A.* 32:17–1 to 13; *N. Y. Laws* 1937, *c.* 170) with Congress consenting thereto on August 19, 1937 (*Public Resolution No.* 65, *c.* 706, 50 *Stat.* 719).

The compact provided for the continuation of the parks theretofore managed by separate "Commissioners of the Palisades Interstate Park" in each state as an interstate park and for that purpose created

* * * a body corporate and politic with the name and style of "Palisades Interstate Park Commission" * * * which shall be a joint corporate municipal instrumentality of both the state of New York and the state of New Jersey for the purpose of effecting the objects of this compact and which shall be deemed to be performing governmental functions of the two states in the performance of its duties hereunder.

*The commission shall have power to sue and be sued,* to use a common seal and to make and adopt suitable by-laws. The commis-

sion shall consist of ten members, five of whom shall be citizens and residents of the state of New York and five of whom shall be citizens and residents of the state of New Jersey. *For the purpose of doing business the members of the commission shall constitute a board.* [*Art.* II, *N. J. S. A.* 32:17–4, emphasis added]

The compact further provided:

There are hereby transferred to the commission all of the functions, jurisdiction, rights, powers and duties of the respective state boards, as now prescribed by the laws of the respective states, and the same shall hereafter be exercised and performed by the commission, subject to such modifications thereof as are contained in this compact. [*Art. III, N. J. S. A.* 32:17–5]

After pointing out that by appropriate legislation the State of New York has waived its own immunity from suit only to the extent of permitting actions against it in its Court of Claims, the Commission urges that the compact provision empowering the Commission to sue and be sued should be construed as embodying only a similar limited waiver of immunity in cases such as this arising from the Commission's contracts and activities with respect to property in the State of New York.

Such, it argues, is the sense of the statute — although concededly there is no express language therein so providing — and the one which it says the New York courts have uniformly adopted in construing similar language in statutes creating various corporate governmental agencies, citing, *inter alia, Glassman v. Glassman,* 309 *N. Y.* 436, 131 *N. E.* 2d 721 (Ct. App. 1956); *Breen v. Mortgage Commission of State of New York,* 285 *N. Y.* 425, 35 *N. E.* 2d 25 (Ct. App. 1941), and *Conklin v. Palisades Interstate Park Commission,* 282 *App. Div.* 728, 122 *N. Y. S.* 2d 403 (App. Div. 1953). We find no need to analyze and discuss either those cases or other cases decided in New York which cast doubt on the Commission's claim that New York statutes have uniformly been construed in the manner alleged. See *Easley v. New York State Thruway Authority,* 1 *N. Y.* 2d 374, 153 *N. Y. S.* 2d 28, 135 *N. E.* 2d 572, 575 (Ct. App.

1956) (dissenting opinion and cases cited therein); *R. G. Packard Co. v. Com'rs of Palisades Interstate Park,* 240 *F.* 543 (S. D. N. Y. 1916).

Nor need we be concerned with the interpretation which the courts of New Jersey, the other party to the compact, have given to a grant to a state agency of the "power to sue and be sued." New Jersey has uniformly construed such a grant as a complete waiver of the State's immunity from suit with which the agency would otherwise be cloaked, a consent that the agency may be sued as may anyone else (see *e. g., Taylor v. New Jersey Highway Authority,* 22 *N. J.* 454, 466 (1956)), although not a waiver of immunity from liability where such immunity exists. *Cf. Stephens v. Com'rs of Palisades Interstate Park,* 93 *N. J. L.* 500 (E. & A. 1919).

For it is neither a New York nor a New Jersey statute which is being construed; it is an interstate compact approved by Congress. The law of neither state is therefore controlling; the federal law is.

▮ The interpretation and construction of an interstate compact sanctioned by Congress by virtue of *Art.* I, § 10, *cl.* 3 of the *United States Constitution* is a matter of federal law; it involves a "federal 'title, right, privilege, or immunity.'" *Delaware River Joint Toll Bridge Comm'n v. Colburn,* 310 *U. S.* 419, 427, 60 *S. Ct.* 1039, 1041, 84 *L. Ed.* 1287 (1940); *Petty v. Tennessee-Missouri Bridge Comm'n,* 359 *U. S.* 275, 279, 79 *S. Ct.* 785, 788, 3 *L. Ed.* 2d 804 (1959).

The federal law — the decisions of the United States Supreme Court — has consistently construed unrestricted language granting a governmental agency the power "to sue and be sued" as a complete waiver of what would otherwise be the agency's immunity from suit, and this whether the language is found in an act of Congress creating a federal agency, see *Keifer & Keifer v. Reconstruction Finance Corp.,* 306 *U. S.* 381, 59 *S. Ct.* 516, 83 *L. Ed.* 784 (1939), or in

an interstate compact. *Petty v. Tennessee-Missouri Bridge Comm'n, supra.* This result was reached in *Petty* even though each of the contracting states would not have so construed that language.

The Commission would discount *Petty* as authority because only three of the justices agreed in full with the majority opinion, the three concurring justices preferring not to reach the constitutional question of "whether the Eleventh Amendment immunizes from suit agencies created by two or more states under state compacts which the constitution required to be approved by Congress." However, *Petty's* ruling that federal law determines whether an interstate compact embodies a waiver of the contracting states' immunity from suit was approved five years later in *Parden v. Terminal Railway of Ala. State Docks Dept.,* 377 *U. S.* 184, 196, 84 *S. Ct.* 1207, 1215, 12 *L. Ed.* 2d 233 (1964).

█ It is therefore clear that the compact provision granting the Commission "power to sue and be sued" authorizes the maintenance of this transitory action for damages against the Commission in this State unless, as the Commission also contends, other provisions of the compact should be construed as a mandate that the action be brought only in New York.

The Commission argues that such a mandate is to be implied from the following language in Article III (*N. J. S. A.* 32:17–5):

Either the state of New York or the state of New Jersey may by law applicable to parks or park commissions generally within such state, or by law specifically applicable to the commission or to any of the parks within such state under its jurisdiction, and without the concurrence of the other state, withdraw, modify, alter or amend any of the functions, jurisdiction, rights, powers and duties transferred to the commission by this article or confer additional functions, jurisdiction, rights, powers and duties on the commission, but such action by one state shall be effective only within the territorial limits of such state. The commission shall also have such additional functions, jurisdiction, rights, powers and duties as may be conferred upon it by both states,

and from Article IV(4) (*N. J. S. A.* 32:17–6(4)), which reads:

Each state may by legislation make rules and regulations for the use and government, including regulation of traffic, of such portions of the park as lie within the boundaries of the state, and such parts of any state, county or other public highways as lie within the limits of such portions of the park, and all lands, parks and parkways in the state under the jurisdiction of the commission, prescribe the penalty or penalties for violation of any such rules or regulations, prescribe the procedure for enforcement of any such penalty or penalties and provide the court or courts in which any such enforcement is to be sought.

However, each state may exercise the powers so granted to it only by "law," by "legislation." Even if we assume that the quoted sections of the compact would permit New York to enact a law requiring actions of the kind here involved, actions against the Commission arising from contracts for work done in New York State, to be brought only in that state, there is no such legislation. We, as a court, may not usurp the power granted by the compact only to the New York legislature.

It is irrelevant to the question here presented that, as the Commission notes, its employees who are employed in that state are members of New York State's pension system and subject to its workmen's compensation laws, and that its New Jersey employees are members of this State's retirement system and subject to its workmen's compensation law. Those pension and employee provisions exist because legislation so providing has been adopted in the respective states (*N. J. S. A.* 32:14–4; New York Conservation Law § 746 (*McKinney's Consol. Laws, c.* 65, 1963)) pursuant to the quoted power granted to each.

█ Finally to be considered is the fact that the contract involved in this litigation recites that it was entered into between plaintiff and "Palisades Interstate Park Commission acting for and in behalf of the State of New York," and the additional fact that the moneys for payment of

the contract price were given to the Commission by the State of New York. Those facts could be significant with respect to the merits of the action if the Commission were to contend, when it files its answer, that it contracted only as an agent for a disclosed principal; they in nowise affect the New Jersey court's jurisdiction over the person of the Commission or the court's power to adjudicate the subject matter of the litigation, the Commission's alleged liability to plaintiff.

The order denying the Commission's motion to dismiss the complaint and to quash service of summons upon it is affirmed.