STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,

v.

The Hon. Timothy J. PATTERSON, Judge of the Circuit Court of Jefferson County, Division 1, Respondent.

No. 52646.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1987.

Motion for Rehearing and/or
Transfer Denied
June 9, 1987.

Application to Transfer Denied
July 14, 1987.

Richard L. Tiemeyer, Jefferson City, for relator.

Daniel J. McMichael, Clayton, for respondent.

SMITH, Presiding Judge.

Relator, Missouri Highway and Transportation Commission, seeks our writ of prohibition to prevent respondent judge from proceeding further in a personal injury case. We make our preliminary writ permanent.

The plaintiff in the underlying suit, Andrew Brown, sued relator for injuries sustained in an accident on a highway in Jefferson County. Relator was the only defendant. Relator moved for dismissal on the basis of improper venue and after respondent denied that motion this proceeding followed.

Relator premises its right to relief on *State ex rel. State Highway Commission v. Bates*, 317 Mo. 696, 296 S.W. 418 (banc 1927). In that case plaintiff brought an action against the Commission in Jasper County for breach of contract. The court held that the predecessor to Sec. 226.100 RSMo 1986, served to make the Commission a resident of Cole County and thereby fixed venue for actions against the Commission in that county. *Id.* [9, 10]. *Bates* has never been overruled nor legislatively repealed and is still the law of Missouri. See also *State ex rel. State Highway Commission v. Billings*, 123 S.W.2d 170 (Mo. banc 1938).

In *State ex rel. State Highway Commission v. Swink*, 537 S.W.2d 556 (Mo.banc 1976) the court recognized the *Bates* rule but concluded that venue in an inverse condemnation action properly was lodged in the county where the property was located. This was based on the finding that the proceedings for inverse condemnation are governed by Chapter 523 which creates a special venue for condemnation actions. That special venue overrides the venue provided in Sec. 226.100. The same result was reached in *Gorman v. State Highway Commission*, 552 S.W.2d 335 (Mo.App. 1977) involving a suit to quiet title. That action was subject to the special venue provisions of Sec. 508.030, RSMo 1986, and the court held those provisions took precedence over Sec. 226.100.

Respondent seeks to place the provisions of Sec. 508.010(6) RSMo 1986 into the same category as Chapter 523 and 508.030. They are not in the same category. Sec. 508.010 is the general venue statute. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4 (Mo.banc 1985) [1, 2]; *State ex rel. Coca Bottling Company v. Gaertner*, 681 S.W.2d 445 (Mo.banc 1984) [3]; *State ex rel City of Bella Villa v. Nicholls*, 698 S.W.2d 44 (Mo.App.1985) [2, 3]. This is apparent from the first sentence of that section:

"Suits instituted by summons shall, <u>except as otherwise provided by law,</u> be brought ... ." (Emphasis supplied).

The underlined section reflects that Sec. 508.010 is the residuum of venue, applicable when no other law establishes venue. Sec. 226.100 as interpreted in *Bates* is a special venue provision for the Commission which takes precedence over 508.010. *Do-*

*ver v. Stanley,* 652 S.W.2d 258, (Mo.App. 1983) [3–7]; *State ex rel. City of Bella Villa v. Nicholls, supra,* [2, 3].

While we entertain considerable doubt about the correctness of *Bates* or its necessity in present times, it is the law of this state by which we are bound.

Preliminary writ of prohibition made permanent and respondent is directed to grant relators Motion to Dismiss for improper venue.

SATZ and SIMON, JJ., concur.