**NATIONAL ADVERTISING COMPANY, Plaintiff–Appellant,**

**v.**

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION and the City of St. Louis, Defendants–Respondents.**

**No. WD 43251.**

Missouri Court of Appeals, Western District.

Feb. 26, 1991.

As Modified April 2, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1991.

---

Patrick C. Dowd, St. Louis, Stephen G. Newman, Hawkins, Brydon Swearengen and England, Jefferson City, for plaintiff-appellant.

James J. Wilson, City Counselor, James R. Hartung, Patricia A. Hart, Assistant City Counselors, Thomas B. Gilliam, Jr., Sr. Asst. Counsel, Paul R. Ferber, Dist. Counsel, Rich Tiemeyer, Chief Counsel, Kirkwood, for defendants-respondents.

Before TURNAGE, P.J., and LOWENSTEIN and ULRICH, JJ.

TURNAGE, Presiding Judge.

National Advertising Company filed suit against the Missouri Highway and Transportation Commission in the Circuit Court of Cole County seeking a declaration that the Commission was required to issue permits for the erection of signs in the City of St. Louis. On motion of the Commission, the City of St. Louis was added as a defendant because National challenged the validity of a City of St. Louis ordinance. The City challenged the jurisdiction of the Circuit Court of Cole County on the ground venue as to it was improper but its motion

was denied. The court held that the Commission had no authority to issue permits for signs being located in zoned commercial or industrial areas within the City of St. Louis.

National has appealed from the judgment and the City has filed a motion to dismiss the appeal. Appeal dismissed.

National filed suit against the Commission and when it became apparent that the validity of a City of St. Louis ordinance was involved, the Commission moved to have the City added as a party defendant and the court sustained the motion. Thereafter, the City filed a motion to dismiss on the ground that venue of any case involving the City was proper only in the City of St. Louis. The court denied the motion and entered judgment finding that the Commission had no authority to issue permits located in certain zoned areas in the City of St. Louis, and finding that the City's ordinance which prohibited the erection of new signs after March 11, 1988, does not conflict with state law.

After National filed its appeal in this court, the City filed a motion to dismiss the appeal on the ground that the Circuit Court did not have jurisdiction because venue for any action against the City of St. Louis was proper only in the City under § 508.060, RSMo 1986.[1] National responded to the motion by pointing out that the City failed to give notice of the filing of the motion as required by Rule 84.10. National further contends that the City waived the question of venue by failing to file a notice of appeal from the judgment.

■ Rule 84.10 requires twenty-four hours notice to be given to the adverse party when a motion to dismiss an appeal is filed in this court. The City failed to give that notice. This court cannot sustain the City's motion "because of the highly technical defect in the service of said motion ..." *Anderson v. Kuhs*, 213 S.W.2d 238, 243[8] (Mo.App.1948). However, this court has a duty to sua sponte examine the question of its jurisdiction. *Smith v. Snodgrass*, 747 S.W.2d 743, 744[1, 2] (Mo.App.1988).

1. All sectional references are to RSMo 1986, unless otherwise indicated.

■ For this court to have jurisdiction of this appeal it is necessary that the Circuit Court of Cole County had jurisdiction to adjudicate this case. *State ex rel. Webster v. San Juan Prod.*, 728 S.W.2d 735[1, 2] (Mo.App.1987).

The facts here are remarkably similar to *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4 (Mo. banc 1985). In that case, suit was filed against the City of St. Louis and the Director of Revenue in the Circuit Court of Cole County. The court stated that § 508.060 requires that "[a]ll actions whatsoever against any county shall be commenced in the circuit court of such county...." *Id.* at 5. The court noted that in Article VI, Section 31, Missouri Constitution, the City of St. Louis is recognized as both a city and a county. *Id.* at 6. The court held that § 508.060 "created a specific venue exception for counties from the general venue statute, Section 508.010." *Id.* The court held that the language of § 508.060 is mandatory and requires that an action filed against the county must be instituted in the circuit court of that county and this was true even though the Director of Revenue was also a defendant. *Id.*

The court further held that a court acts in excess of its jurisdiction when it proceeds when venue is not proper. *Id.*

Under the holding in *City of St. Louis*, it is clear that the court had no jurisdiction in the case to adjudicate a cause of action to which the city was a party. National makes some attempt to distinguish *City of St. Louis* on the ground that the action here was begun against the Commission and the city was brought in later. However, in *State ex rel. Burlington Northern v. Forder*, 787 S.W.2d 725 (Mo. banc 1990), the court held that a venue statute applying to municipal corporations was applicable when a municipal corporation was brought into a suit as a third party defendant. The court held that the suit should be dismissed when the court in which the suit was pending was not the proper court for suits against the municipality under the venue statute. By the same reasoning venue was improper in this case once the City became a party and the case should have been dismissed.

■ National contends that the City waived its right to question venue when it failed to file a notice of appeal from the judgment. While it is true that venue may be waived by failure to raise that issue in the trial court, *Ballard v. Ryan*, 646 S.W.2d 398, 399–400[1, 2] (Mo.App.1983), the City raised the issue of improper venue in the trial court. When the judgment was in favor of the City, it is doubtful, to say the least, that the City would have standing to appeal. However, when National appealed to this court, the City was again forced to defend its position, and has challenged the jurisdiction of the Circuit Court because of lack of venue. The City did not waive venue by failing to file a notice of appeal from a judgment in its favor.

■ Under the holding in *City of St. Louis*, a court which acts when venue is improper has acted in excess of its jurisdiction. Here, the court decided this case when venue as to the City was improper. Therefore, the circuit court did not have jurisdiction and its judgment is void. When the circuit court is without jurisdiction, this court has jurisdiction of the appeal but cannot consider the appeal on its merits. *Shepler v. Shepler*, 348 S.W.2d 607, 609[1] (Mo.App.1961). The judgment is reversed and this cause is remanded to the Circuit Court of Cole County with directions to vacate its judgment and to transfer this cause to the Circuit Court of the City of St. Louis if National Advertising should request it do so. *Id.* at 610. Section 476.410, RSMo Cum.Supp.1990.

The appeal is dismissed.

All concur.