**STATE ex rel. MISSOURI DEPARTMENT OF NATURAL RESOURCES, Relator,**

**v.**

**Honorable Ellen ROPER, Judge, Circuit Court, Boone County, Respondent.**

No. 73979.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1992.

William L. Webster, Atty. Gen., Robert M. Lindholm, Asst. Atty. Gen., Jefferson City, for relator.

Gary A. Tatlow, Rex V. Gump, Moberly, for respondent.

Stephen B. Millin, Jr., Kansas City, for amicus curiae (MATA).

Gregory W. Schroeder, Sr. Asst. Counsel, Dennis J. Redel, Asst. Chief Counsel, Rich Tiemeyer, Chief Counsel, Jefferson City, for amicus curiae (Mo. Hwy. & Trans. Comm.)

## ORIGINAL PROCEEDING IN PROHIBITION

BENTON, Judge.

Relator Missouri Department of Natural Resources (hereinafter "the Department") seeks a writ of prohibition alleging that respondent circuit judge acted in excess of her jurisdiction by denying relator's motion to dismiss for lack of venue a case entitled *Cherie Jackson and Thomas Jackson, Jr., her husband; Ryan Jackson and Joshua Jackson, by and through their next friend, Cherie Jackson v. Edward L. Logsdon, Jr. and The Department of Natural Resources, State of Missouri.* The basis for this motion was relator's claim that the Department can only be sued in Cole Coun-ty. The preliminary rule in prohibition is quashed.

On August 6, 1987, a car driven by Thomas G. Jackson, Jr. collided with a truck driven by Edward L. Logsdon, Jr. and owned by the Department. Mr. Logsdon is and was an employee of the Department and resides in Boone County. In addition to Mr. Jackson, three other members of the Jackson family were in the car at the time of the accident, which occurred in Macon County. The Jacksons are residents of the State of Michigan.

On April 23, 1990, the Jacksons filed a petition in Boone County alleging that the accident was caused by the negligence of Mr. Logsdon. The petition also alleges that Mr. Logsdon's actions occurred in the course of his employment, and, thus, by virtue of the doctrine of *respondeat superior,* the Department is named as a codefendant.

On May 18, 1990, the Department filed a motion to dismiss for lack of venue on the ground that it could only be sued in its county of residence, Cole County. Judge Roper overruled this motion on June 11, 1991. A petition for writ of prohibition was filed in the Court of Appeals, Western District, on June 28, 1991, and denied on July 1, 1991. The current case was filed in this Court on July 10, 1991; and a preliminary rule in prohibition was issued on September 10, 1991.

The only issue is whether a case against a state agency must be brought in the county of its legal residence when there are additional defendant(s) who otherwise could be sued in the county of their residence under § 508.010(2) RSMo 1986, the "general" venue statute. This Court concludes that there is no constitutional or statutory requirement that such actions be brought only in the county of residence of the state agency.

The venue for civil cases, while originally based on the common law, is now determined by statute. *See Coleman v. Lucksinger,* 123 S.W. 441, 443 (Mo. banc 1909).

In this case, the Department cites, as the "statute" governing the venue for suits

brought against it, the constitutional requirement that it establish its principal office and keep its necessary public records, books, and papers in Jefferson City. Mo. Const., Art. IV, §§ 12, 20. Clearly, this provision establishes the legal residence of the Department at Jefferson City and, arguably, limits the place where it can be "found" to Jefferson City. As such, if it were the sole defendant and the accident occurred in Cole County, a suit against the Department could, under the provisions of § 508.010(1) RSMo 1986, only be brought in Cole County. As there is a codefendant residing in another county, the provisions of § 508.010(2) RSMo 1986, clearly and unamiguously state that, as a general rule, either Cole County or the other county—in this case, Boone County—would have venue over this suit.

In response to the clear provisions of this statute, the Department cites an alleged court-made "special" rule governing venue for state agencies. The so-called special rule, allegedly constitutionalized in Article IV, § 20 of the Missouri Constitution, is nothing more than a limitation of the residence of state agencies, and the location where they can be found, to Jefferson City for the purposes of § 508.010 RSMo 1986. The basis of this rule is claimed to be the decision of this Court in *State ex rel. State Highway Commission v. Bates*, 296 S.W. 418, 423 (Mo. banc 1927). The decision in *Bates* declared that the Highway Commission's residence and location was Jefferson City. As *Bates* involved the Highway Commission as the sole defendant in a contract case, the general venue statute required that suit be brought in Cole County.[1] In all of the cases cited to this Court as applying the special rule, the state agency was the sole defendant with the only issue being whether a special venue statute applied. *See, e.g., State ex rel. Wasson v. Shroeder*, 646 S.W.2d 105, 106–07 (Mo. banc 1983); *State ex rel. State Bd. for the Healing Arts v. Elliott*, 387 S.W.2d 489, 492–93 (Mo. banc 1965); *State ex rel. Dalton v. Oldham*, 336 S.W.2d 519, 523 (Mo. banc 1960); *State ex rel. State Tax Commission v. Walsh*, 315 S.W.2d 830, 834 (Mo. banc 1958); *State ex rel. Toberman v. Cook*, 281 S.W.2d 777, 780 (Mo. banc 1955); *Ward v. Public Service Commission*, 108 S.W.2d 136, 139 (Mo.1937); *State ex rel. Gardner v. Hall*, 221 S.W. 708, 711 (Mo. banc 1920); *Welsch v. Department of Elem. & Secondary Ed.*, 731 S.W.2d 450, 453 (Mo.App.1987); *State ex rel. Spradling v. Bondurant*, 501 S.W.2d 527, 529 (Mo. App.1973). Relator does not cite a single decision of this Court which says more than: when a state agency is the sole defendant, § 508.010(1) RSMo 1986 requires that the action be brought in Cole County unless a special venue statute allows the action to be filed elsewhere.[2]

On the other hand, other cases hold or imply that, if venue is proper to a codefendant, it is also proper to a state agency. *See State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985); *State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733, 734–36 (Mo. banc 1982); *State ex rel. Reeves v. Brady*, 303 S.W.2d 22, 25 (Mo. banc 1957); *National Advertising Co. v. Missouri Highway & Transportation*

1. In addition, the State Highway Commission had its residency established by a special statute. Act of August 4, 1921, § 12, 1921 (First Extra Sess.) Mo.Laws 131, 136. *See also State ex rel. State Highway Commission v. Billings*, 123 S.W.2d 170, 171–72 (Mo.1938). Its successor the Missouri Highway and Transportation Commission, like several state agencies, has its residency established by special statute. § 226.- 100 RSMo 1986. The issue of whether these statutes are special venue statutes is not properly before this Court at this time, and is not decided by this opinion.

2. Relators concede that a special venue statute trumps the "special rule." This Court has held that such statutes do give courts outside of Cole County venue to hear cases in which a state agency is the sole defendant. *See State ex rel. State Highway Commission v. Swink*, 537 S.W.2d 556, 561–62 (Mo. banc 1976); *see also State ex rel. State Highway Commission v. Weinstein*, 322 S.W.2d 778, 785–86 (Mo. banc 1959); *Missourians for Separation of Church and State v. Robertson*, 592 S.W.2d 825, 836 (Mo.App. 1979); *Gorman v. State Highway Commission*, 552 S.W.2d 335, 336–37 (Mo.App.1977). Equally, a special venue statute may require that a suit occur in Cole County. *See Gaslight Real Estate Corporation v. Labor & Industrial Relations Commission*, 604 S.W.2d 818, 819 (Mo.App. 1980).

*Commission,* 806 S.W.2d 69, 71 (Mo.App. 1991). There is no basis in law for a special rule protecting the state from being joined with another party in a suit outside Cole County.[3]

Relator and amicus do, however, cite "public policy" reasons why this Court, sitting as a court of equity, should create such a special rule. Some of these reasons apparently influenced the decisions in *Hall, Bates,* and subsequent cases. *See Hall,* 221 S.W. at 712. Even a decade ago, there was more merit to arguments about the disruption caused by requiring state officials to go to a remote corner of the state for several days during a trial and the need to keep all state records in one place. Today, the existence of fascimile machines, overnight delivery of mail and packages, portable computers, mobile telephones, and photocopying machines significantly reduce problems caused by a trial that requires state officials to operate outside of Cole County for several days. In addition, the General Assembly acted in 1988 to ameliorate the cost and inconvenience to the state of trial by permitting normal government records to be admitted in evidence without the appearance of a custodian of those records. *See* § 490.692 RSMo Supp.1991.

While there may be some harm to employee morale from naming employees in a law suit, there is no injustice in such joinder if the suit arises out of the employee's acts. Any such harm is minimized by the fact that in most situations the employee is entitled to representation by the state during the action and to indemnification by the state for any judgment collected from the employee. *See* §§ 105.711–105.726 RSMo 1986 and Supp.1991. In addition, any inequity caused by such joinder is outweighed by the equity to the plaintiffs, and to witnesses, of holding a trial in a location that is more likely to be closer (than Cole County) to the homes of all involved. As such, the equities balance against creating the special rule sought by relator.

Even if these public policy reasons were compelling, neither this Court nor the executive have the authority to create a state interest in the special rule sought by relator. The interests of the State are those created by the People of Missouri, either through their direct action or indirectly through the General Assembly. The interests that led the People to require state agencies and their papers be kept in Jefferson City are not seriously infringed by allowing the State to be joined in a suit outside of Cole County. The General Assembly has, by passing § 508.010(2) RSMo 1986, declared that the State's interests are directly contrary to the ones raised by relator. In the absence of a clear statement by the People prohibiting the General Assembly from allowing the State to be sued outside of Cole County, this Court must uphold the law enacted by the General Assembly and reject the position of the Department.

The preliminary rule in prohibition is hereby quashed.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, BLACKMAR, and THOMAS, JJ., concur.

RENDLEN, J., not sitting.

---

3. The issue of whether § 508.010(6) applies to state agencies whose residence is defined by Article IV, § 20 of the Missouri Constitution is not before this Court at this time because the underlying case is filed in the county of residence of the codefendant, rather than the county where the cause of action accrued. Therefore, this issue is not decided by this opinion. With this opinion, this Court neither approves nor overrules the decisions of the court of appeals in *Claspill v. State Division of Economic Development,* 809 S.W.2d 87, 89 (Mo.App.1991); *State ex rel. Missouri Highway & Transportation Commission v. Hedspeth,* 788 S.W.2d 342, 343–44 (Mo.App.1990); *State ex rel. Missouri Highway & Transportation Commission v. Patterson,* 731 S.W.2d 461, 462–63 (Mo.App.1987).