**STATE ex rel. Shirley and Fabian GOVERO, et al., Relators,**

v.

**Honorable Dennis J. KEHM, Judge, Circuit Court, Jefferson County, Respondent.**

**No. 75373.**

Supreme Court of Missouri, En Banc.

March 23, 1993.

Rehearing Denied April 20, 1993.

Douglas P. Dowd, St. Louis, for relators.

Jay Smith, Rick Tiemeyer, Jefferson City, Ben Ely, Jr., Gary E. Wiseman, St. Louis, for respondent.

THOMAS, Judge.

The relators seek a writ of prohibition alleging that respondent circuit judge acted in excess of his jurisdiction by transferring the underlying cause of action from Jefferson County, Missouri, to Cole County, Missouri, pursuant to section 476.410, RSMo

---

Supp.1992.[1] The basis of the motion was the claim that under section 226.100 the Missouri Highway and Transportation Commission ("Commission") can be sued only in Cole County. The preliminary rule in prohibition is made absolute.

The underlying action involves eight plaintiffs, relators here, who alleged in their petition for wrongful death or personal injuries that a portion of State Highway W in Jefferson County is unreasonably dangerous. The relators also alleged that the highway was in this condition for a sufficient amount of time that defendant, the Commission, knew of the condition and should have acted to remedy it.

The relators are all residents of Jefferson County. The six accidents in issue occurred within an eighteen month period on this particular stretch of highway in Jefferson County.[2] The only defendant is the Commission.

On May 20, 1992, relators simultaneously filed suit against the Commission in Jefferson County and Cole County. The Commission, relying on section 226.100, filed a motion to dismiss for improper venue in Jefferson County. Judge Dennis J. Kehm of the Circuit Court of Jefferson County treated this as a motion to transfer pursuant to section 476.410, RSMo Supp.1992. Section 476.410 requires that if a case is filed in the wrong division or circuit because venue is improper, the judge of that division or circuit shall transfer the case to a division or circuit where venue is proper.

On September 18, 1992, Judge Kehm transferred the action to the Circuit Court of Cole County. A petition for writ of prohibition was filed in the Court of Appeals, Eastern District, on October 1, 1992; the petition was denied on October 20, 1992. On November 4, 1992, relators sought a writ of prohibition before this Court. A preliminary rule in prohibition was issued by this Court on November 24, 1992.

There are two issues presented in this case. The first issue concerns whether the dismissal for lack of venue was proper under Rule 55.27(a)(10) because the same cause of action was pending between the same parties in Cole County.[3] Although this issue is cited on appeal as an alternative ground for quashing the writ, this ground was not considered by the trial court and, more importantly, the Cole County action was dismissed prior to the hearing before this Court.

The second issue is a question left open in *State ex rel. Missouri Department of Natural Resources v. Roper*, 824 S.W.2d 901, 904 n. 1 (Mo. banc 1992). We now must consider whether the "general" venue statute, section 508.010(6), applies to the Commission whose residence is defined by a special statute, section 226.100. Section 508.010(6) provides that "[i]n all tort actions suit may be brought in the county where the cause of action accrued regardless of the residence of the parties,...." § 508.010(6).[4] We hold that while section

---

1. All other references to Missouri statutes are RSMo 1986 unless specified to the contrary.

2. 1. Govero accident/Wrongful death of Paula Govero, May 20, 1989;
   2. Sikes accident/Personal injury, May 20, 1989;
   3. Crum accident/Personal injury, May 19, 1989;
   4. Asselin accident/Personal injury, February 20, 1989;
   5. Hayden accident/Personal injury, July 18, 1989;
   6. Zahn accident/Personal injury, July 18, 1989.

3. Rule 55.27(a)(10) provides:
   Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following de-

fenses may at the option of the pleader be made by motion: ... that there is another action pending between the same parties for the same cause of action in this state....

4. Section 508.010, in its entirety, reads as follows:
   **508.010. Suits by summons, where brought.**
   —Suits instituted by summons shall, except as otherwise provided by law, be brought:
   (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;
   (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;
   (3) When there are several defendants, some residents and others nonresidents of the

226.100 does establish the residence of the Commission in Cole County, it is not a special venue statute. Therefore, we specifically overrule *State ex rel. State Highway Comm'n v. Bates,* 317 Mo. 696, 296 S.W. 418 (Mo. banc 1927), and its progeny to the extent that these decisions have held that section 226.100 is a special venue statute. *See Id.; State ex rel. Missouri Highway and Transportation Comm'n v. Hedspeth,* 788 S.W.2d 342 (Mo.App.1990); *State ex rel. Missouri Highway and Transportation Comm'n v. Patterson,* 731 S.W.2d 461 (Mo.App.1987).

The clear language of section 508.010(6) provides that the venue for a tort action can be where the tort occurred regardless of the residence of the parties. Therefore, venue is proper in Jefferson County where the tort occurred unless section 226.100 is a special venue statute that trumps section 508.010(6). There is nothing in the language of section 226.100 indicating that the intent of the legislature was to limit venue in all cases filed against the Commission to Cole County.

The Commission relies on *Bates* for the proposition that section 226.100 is a special venue statute. *Bates,* 296 S.W. at 423. All the reasons given in *Roper* rebut the Commission's reliance on *Bates* that venue for suit against the Commission is only available in Cole County. *Bates* was decided in 1927, and that decision focused on the interest of the state in not having "its books and papers ... scattered around all over the state." *Id.* These concerns, which were legitimate in 1927, are anachronisms in 1993. The advent of a technological revolution has developed a society where "facsimile machines, overnight delivery of mail and packages, portable computers, mobile telephones, and photocopying ma-

chines significantly reduce problems caused by a trial that requires state officials to operate outside of Cole County for several days." *Roper,* 824 S.W.2d at 904.

The interest of the Commission is not seriously infringed by being sued in a county where a tort occurred. Absent any specific directions from the General Assembly that the Commission can only be sued in Cole County, this Court must uphold that law enacted in section 508.010(6). Therefore, suit was appropriately filed in Jefferson County.

The preliminary rule in prohibition is made absolute.

All concur.

---

state, suit may be brought in any county in this state in which any defendant resides;

(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;

(5) Any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found;

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published.