Perry BELL and Angeline
Holden, Plaintiffs,

v.

ST. LOUIS COUNTY, Missouri, Defendant–Cross Claimant/Respondent,

The Managers of the Roman Catholic Orphan's Asylum of St. Louis (a/k/a St. Joseph's Home for Boys), Defendant–Cross Claimant/Appellant,

Catholic Charities of St.
Louis, Defendant,

and

The Roman Catholic Archdiocese
of St. Louis, Defendant.

No. 65140.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1994.

———

Gerard T. Noce, Adrian P. Sulser, Evans & Dixon, St. Louis, for appellant.

John A. Ross, County Counselor, Michael A. Shuman, Asst. County Counselor, St. Louis County, Clayton, for respondent.

SMITH, Judge.

Defendant–Cross Claimant, The Managers of the Roman Catholic Orphan's Asylum of St. Louis a/k/a St. Joseph's Home for Boys (St. Joseph's), appeals the dismissal of its cross-claim against defendant, St. Louis County, Missouri (the County). We remand with directions.

On August 23, 1993, Perry Bell filed a wrongful death action in the Circuit Court of the City of St. Louis naming the County, St. Joseph's, Catholic Charities of St. Louis, and

the Roman Catholic Archdiocese of St. Louis as defendants. All defendants except St. Louis County were alleged to be residents of the City of St. Louis.[1]

Bell sought to recover damages against each defendant arising from the death of his son, Melvin Bell. Melvin drowned while on a field trip to Cliff Cave Park which is owned and operated by the County. The trip was supervised by St. Joseph's, where Melvin was a resident at the time.

Angeline Holden, Melvin's natural mother, moved to be substituted as party plaintiff. On September 8, 1993, the County moved to dismiss the wrongful death action for "lack of personal jurisdiction" citing § 508.060 RSMo (1986). On September 29, 1993, St. Joseph's filed a cross-claim against the County. In response, the County filed a "Motion to Extend Time to Reply to the Cross–Claim" wherein it moved for a dismissal of the cross-claim for the same reasons stated in its motion for dismissal of the wrongful death suit.

On November 3, 1993, Bell dismissed his cause of action against the County without prejudice. The record does not reflect whether Holden's motion for substitution had been ruled on at that time.

The trial court sustained the County's motion to dismiss. In its order, the trial court stated that "[the] order is hereby made final for purposes of immediate appeal, as the Court finds there is no just reason for delay of said appeal".

■ St. Joseph's contends the trial court erred in determining it lacked jurisdiction due to improper venue as to the County. St. Joseph's alternatively contends that if venue is improper in the City of St. Louis the trial court erred in dismissing the action and cross-claim rather than transferring it to a court with proper venue. St. Joseph's asks this Court to transfer the entire case to St. Louis County where venue would be proper.

Section 508.060 RSMo (1986) states in relevant part that "[a]ll actions whatsoever against any county shall be commenced in the circuit court of such county, and prose-cuted to final judgment and execution therein, unless removed by change of venue to some other county..." By its language, this section precludes bringing any action, including a cross-claim, against a county in a court outside of that county unless the county waives venue. See State ex rel. City of St. Louis v. Kinder, 698 S.W.2d 4 (Mo. banc 1985); State ex rel. Burlington Northern v. Forder, 787 S.W.2d 725 (Mo. banc 1990); National Advertising Company v. Missouri Highway and Transportation Commission, 806 S.W.2d 69 (Mo.App.1991). Because the County did not waive venue, the trial court correctly determined venue was not proper in the City of St. Louis.

St. Joseph's argues that recent decisions such as State ex rel. City of Springfield v. Barker, 755 S.W.2d 731 (Mo.App.1988), and State ex rel. Govero v. Kehm, 850 S.W.2d 100 (Mo. banc 1993), have tempered the absolute nature of § 508.060. We do not agree. Barker involved a situation where two municipalities from different counties were defendants. The court created an exception to special venue section 508.050 because no proper venue existed as to both defendants. That situation does not exist here. In Kehm, the Court determined § 226.100 RSMo (1986) (defining the residence of the Missouri Highway and Transportation Commission as Cole County) was not a special venue statute. Sec. 508.060 is a special venue statute. State ex rel. City of St. Louis v. Kinder, supra.

■ St. Joseph's next contends the trial court erred in dismissing the action rather than transferring it to St. Louis County. The County agrees such a transfer should have taken place pursuant to the recent Missouri Supreme Court decision in State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820 (Mo. banc 1994).

In DePaul Health Center, the Court stated that venue is determined as the case stands when brought, not when the motion challenging venue is decided. Id. at [6–8] (citing to § 508.010 RSMo (1986)). When this case was brought, Bell asserted a claim against

1. The Archdiocese was subsequently dismissed by Bell. The briefs advise that the Archdiocese is a resident of St. Louis County.

the County. Based on our previous discussion, venue in St. Louis City was improper. Therefore, the trial court had a ministerial duty to transfer the case to a court where venue was proper. *Id.* Accordingly, the entire case should be transferred to St. Louis County.

The trial court properly determined that the City of St. Louis was not the proper venue for the claims presented in this case against the County. However, the trial court, under the subsequently decided *De-Paul Health Center,* should have transferred the case to St. Louis County. The case is remanded with directions to transfer to St. Louis County.

Remanded with directions.

SIMON, P.J., and PUDLOWSKI, J., concur.