STATE ex rel. MISSOURI DEPART-
MENT OF CONSERVATION,
Relator,

v.

JUDGES OF THE CIRCUIT COURT
OF REYNOLDS COUNTY,
Missouri, Respondents.

No. SC 84924.

Supreme Court of Missouri,
En Banc.

Dec. 24, 2002.

G. Alex Bartlett, Jefferson City, for appellant.

Christina L. Kime, Michael J. Hackworth, Hackworth, Kime & Hackworth, Piedmont, for respondents.

PER CURIAM.

■ Sixteen residents of Reynolds County received notice from the department of conservation that their hunting, fishing and trapping privileges would be suspended for violating the wildlife code. The residents requested a "contested evidentiary hearing," but received a hearing before three employees of the department, which was not conducted in an evidentiary fashion or recorded. Thereafter, the conservation commission suspended their privileges. The residents sought review in the circuit court of Reynolds County.

The department of conservation claims that venue is in Cole County. Because the decision of the commission is in a noncontested case under section 536.150,[1] it can only be reviewed in Cole County. The preliminary writ is made absolute as modified.

Article IV, section 40(a) of the state constitution grants the conservation commission the control, management, restoration, conservation and regulation of the bird, fish, game, forestry and all wildlife resources of the state. Article IV, sections 45 and 46, confirm and amplify the commission's rulemaking authority. Pursuant

---

1. All statutory references are to RSMo 2000.

to the constitution, the commission adopted a rule that a privilege cannot be suspended until an opportunity is afforded for a hearing. *3 CSR 10–5.216(1).* The regulation specifically provides that the hearings are noncontested cases unless the permittee is entitled by law to a contested case hearing. *See section 252.043; 3 CSR 10–5.216(2).*

Under section 536.110.3, judicial review in Reynolds County is permitted if the commission decision results from a contested case. A "contested case" is a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing. *Section 536.010(2).* No such law applies to this case. Other than the regulation, 3 CSR 10–5.216(1), which clearly declares the "hearing" to be a noncontested case, no statute, ordinance or constitutional provision requires a hearing. *See Baldwin v. Fish & Game Com'n of Mont.,* 436 U.S. 371, 388, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978)(recreational hunting is not a fundamental right). In the absence of such a requirement for a hearing, the case is not contested. *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325, 328 (Mo. banc 1995).

Generally, venue in actions against executive heads of departments lies in the county in which their offices are located and their principal duties are performed. *State ex rel. State Bd. of Regis. for the Healing Arts v. Elliott,* 387 S.W.2d 489, 492–93 (Mo. banc 1965). The constitution requires the department to establish its principal office and keep its necessary public records, books, and papers in Jefferson City. *Mo. Const., art. IV, sec. 12 and 20.* This establishes the legal residence of the department at Jefferson City and limits the place where it can be "found" to Cole County. *State ex rel. Missouri Dept. of Natural Resources v. Roper,* 824 S.W.2d 901, 903 (Mo. banc 1992).

As an alternative basis for jurisdiction in Reynolds County, Respondents argue that the suit is one respecting the validity of rules or threatened applications thereof. Under section 536.050.1, such suits may be brought in the county of the plaintiffs' residence. The petitions in the underlying cases simply do not raise such a claim.

A writ of prohibition is issued directing Respondents to take no further action in the underlying cases other than to transfer them to Cole County. *Section 476.410.*

All concur.