

# SUPREME COURT OF MISSOURI
## en banc

BENJAMIN RAMIREZ, Individually and )
On Behalf of All Others Similarly )
Situated, )
  )
      Appellant, )
v. )    No. SC100376
  )
MISSOURI PROSECUTING )
ATTORNEYS' & CIRCUIT )
ATTORNEYS' RETIREMENT SYSTEM, )
et al., )
  )
      Respondents. )

*Opinion issued July 9, 2024*

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### The Honorable Cory L. Atkins, Judge

Benjamin Ramirez appeals the amended judgment in favor of the Director of the Missouri Department of Revenue (the "Director") and the Treasurer of the State of Missouri (the "Treasurer") on their motion for summary judgment. Because sovereign immunity bars Ramirez's suit against the Director and the Treasurer, this Court affirms the circuit court's judgment.

### Factual Background and Procedural History

Ramirez, on behalf of a putative class, sued the Director and the Treasurer in their official capacities. In 2018 and 2019, Ramirez resolved criminal charges against him in

Jackson County by pleading guilty and paying court costs, including certain mandatory surcharges, which then were paid to various funds (the "Seven State Funds"), as authorized by Missouri statute: sections 488.5050, RSMo Supp. 2019 (DNA profiling analysis fund); 304.028 (brain injury fund); 178.653 and 488.5332 (independent living center fund); 302.137 (motorcycle safety trust fund); 56.765, RSMo Supp. 2019 (Missouri Office of Prosecution Services fund); 304.027 (spinal cord injury fund); and 595.045 (crime victims' compensation fund/services to victims fund).[1] Ramirez alleged the Director and the Treasurer received payment of, collected, and deposited the surcharges in and otherwise managed the Seven State Funds, as directed in each statute.[2]

As relevant to this case, Ramirez alleged a single count of unjust enrichment and asserted the statutes authorizing the surcharges violate article I, section 14 of the Missouri Constitution, which provides "[t]hat the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." The Director and the Treasurer moved for summary judgment, asserting in part Ramirez's suit is barred by sovereign immunity and the statutes authorizing the surcharges do not violate article I,

---

[1] Unless otherwise noted, all statutory references are to RSMo 2016.

[2] Ramirez acknowledges he did not object to paying the surcharges at the time, and he did not file a motion to retax costs under section 514.270. This Court has held a motion to retax costs is the proper mechanism for challenging the legality of court costs assessed in criminal cases. *State v. Richey*, 569 S.W.3d 420, 423 n.2 (Mo. banc 2019).

section 14 of the Missouri Constitution.[3]  The circuit court sustained the motion, concluding the statutes authorizing the surcharges do not violate article I, section 14 of the Missouri Constitution.  Ramirez appealed.  This Court has exclusive appellate jurisdiction because Ramirez challenges the constitutional validity of the statutes authorizing the surcharges.  Mo. Const. art. V, sec. 3; *City of St. Louis v. State*, 682 S.W.3d 387, 396 (Mo. banc 2024).

## Standard of Review

"This Court reviews the grant of summary judgment *de novo* and will affirm if summary judgment was appropriate on any basis supported by the record."  *Wilson v. City of St. Louis*, 662 S.W.3d 749, 754 (Mo. banc 2023).  "Additionally, the existence of sovereign immunity and questions of statutory interpretation are issues of law, which this court reviews *de novo*."  *Poke v. Indep. Sch. Dist.*, 647 S.W.3d 18, 20 (Mo. banc 2022) (internal quotation and alterations omitted).  "This Court reviews constitutional challenges to statutes *de novo*."  *City of St. Louis*, 682 S.W.3d at 396.

## Analysis

Because Ramirez sued the Director and the Treasurer in their official capacities, this Court reviews as a threshold matter whether sovereign immunity bars Ramirez's suit. *See Gas Serv. Co. v. Morris*, 353 S.W.2d 645, 648 (Mo. 1962) ("[I]n so far as the petition attempts to state an action against the named defendants in their respective official

---

[3] Ramirez also moved for summary judgment concerning whether the Seven State Funds statutes violate article I, section 14 of the Missouri Constitution.  The circuit court overruled the motion.  Ramirez's claim against the Missouri Prosecuting Attorneys' and Circuit Attorneys' Retirement System remains pending and is not at issue in this appeal.

3

capacities, the action is one against the State of Missouri."); *see also State ex rel. Love v. Cunningham*, No. SC100197, 2024 WL 2831388, at *2 (Mo. banc June 4, 2024) ("Broadly speaking, sovereign immunity protects governmental entities from tort liability and can be invoked when a governmental official is sued only in his or her official capacity." (quoting *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. banc 2019))). Further, this Court has held sovereign immunity applies to the Director and the Treasurer. *See Gas Serv.*, 353 S.W.2d at 646, 655 (holding sovereign immunity barred the plaintiff's suit against the Director and the Treasurer, as well as other public officials in their official capacities, for recovery of domestication tax paid under statutes later declared unconstitutional when the state did not expressly consent to waive immunity); *Kleban v. Morris*, 247 S.W.2d 832, 833, 836-38 (Mo. 1952) (holding sovereign immunity barred plaintiffs' putative class action suit against the Director and the Treasurer, as well as other public officials in their official capacities, for recovery of use taxes paid under statutes later declared unconstitutional when the state did not expressly consent to waive immunity).

"Sovereign immunity is a common law judicial doctrine barring suit against a government or public entity." *Allen v. 32nd Jud. Cir.*, 638 S.W.3d 880, 886 (Mo. banc 2022). "[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception ..., sovereign immunity is the rule and applies to all suits against public entities." *Poke*, 647 S.W.3d at 21 (second alteration in original) (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921-22 (Mo. banc 2016)). "Sovereign immunity is the rule, not the exception."

*Metro. St. Louis*, 476 S.W.3d at 914. "Unless it is waived or a statutory or recognized common law exception, such as consent, is applicable, sovereign immunity applies." *Id.* "Missouri courts have recognized the common law rule of sovereign immunity since 1821." *Id.* at 921. "The doctrine [of sovereign immunity] is intended to lessen the expense and delay of lawsuits and to allow predictability as to the monetary expenses and needs of a public entity." *Id.* at 923. "Immunity connotes not only immunity from judgment but also immunity from suit." *Alsup*, 588 S.W.3d at 190 (internal quotation omitted).

Ramirez asserts sovereign immunity is at issue only in tort cases and does not apply to his non-tort unjust enrichment suit,[4] citing section 537.600. Ramirez disregards this Court's precedent applying sovereign immunity in non-tort cases. *See, e.g., Garland v. Ruhl*, 455 S.W.3d 442, 446-48 (Mo. banc 2015) (finding the state did not waive sovereign immunity as to a claim for attorney fees related to a petition for review of a Family Support Division child support order); *Kubley*, 141 S.W.3d at 23 (observing a claim for money had and received sounds in contract and "the sovereign is immune from

---

[4] In *Fowler v. Missouri Sheriffs' Retirement System*, 623 S.W.3d 578, 583 (Mo. banc 2021), this Court noted the remedy in an unjust enrichment action is restitution. *See also Kubley v. Brooks*, 141 S.W.3d 21, 31 (Mo. banc 2004) (characterizing unjust enrichment as an equitable theory); *Joseph F. Wagner, Jr. Rev. Tr. U/A v. Thomson*, 586 S.W.3d 273, 280 n.4 (Mo. App. 2019) ("The right to restitution based upon unjust enrichment … operates on equitable principles, but draws its source from law as well as equity. It cuts across contract and tort and stands separately." (internal quotation omitted)). The Director and the Treasurer argue Ramirez's claim is not equitable because he sought damages. For the reasons set out in this opinion, Ramirez's suit is barred by sovereign immunity, regardless of how the suit is characterized.

suit without its consent even for contract claims"); *V.S. DiCarlo Constr. Co. v. State*, 485 S.W.2d 52, 53-56 (Mo. 1972) (finding the state consented to waive sovereign immunity as to contract claims by entering into a validly authorized contract); *Nacy v. Le Page*, 111 S.W.2d 25, 26 (Mo. 1937) (finding the Treasurer not subject to a garnishment writ due to sovereign immunity); *State ex rel. State Highway Comm'n v. Bates*, 296 S.W. 418, 422 (Mo. banc 1927) (finding the state consented to waive sovereign immunity as to contract claims when the General Assembly consented by statute to suits against the Highway Commission), *overruled on other grounds by State ex rel. Govero v. Kehm*, 850 S.W.2d 100, 102 (Mo. banc 1993). As this Court noted in *Kubley*,

> The purpose of section 537.600 was to reinstate sovereign immunity in tort in Missouri as it had existed prior to its abrogation by judicial decision on September 12, 1977, in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). Section 537.600.2 does not address or govern the liability of the State under non-tort theories of recovery.

*Kubley*, 141 S.W.3d at 29 (footnote omitted).

Contrary to Ramirez's argument, *Kubley* did not hold or suggest sovereign immunity is inapplicable to non-tort theories of recovery. *Kubley* expressly stated sovereign immunity applied to the plaintiff's contract claim for money had and received against the public entity, the Division of Child Support Enforcement ("DCSE"), before ultimately concluding the state had expressly consented to waive immunity by a statute authorizing DCSE to sue and be sued. *Id.* at 23. Sovereign immunity is the default rule in all suits against the state. Sovereign immunity applies to non-tort claims, such as Ramirez's claim for unjust enrichment, and the only inquiry is whether the state waived

6

its sovereign immunity through express statutory consent or a recognized common law exception.

Ramirez acknowledged at oral argument the state has not expressly consented to waive sovereign immunity here, by statute or otherwise, and he does not rely on any other recognized common law exception to sovereign immunity.[5] Ramirez, instead, asserts this Court should determine the state waived sovereign immunity by implied consent. Ramirez relies largely on *Fowler* and *Kubley*, both of which are distinguishable.[6]

In *Fowler*, the Court held section 57.955.1, authorizing certain mandatory municipal court cost surcharges, invalid in violation of article I, section 14 of the Missouri Constitution. *Fowler*, 623 S.W.3d at 585. Like this case, *Fowler* involved a putative class action for unjust enrichment based on a court cost surcharge authorized by a statute alleged to be unconstitutional under article I, section 14 of the Missouri

---

[5] By conceding at oral argument the state has not expressly consented to waive sovereign immunity, Ramirez abandoned his argument the state expressly consented to waive sovereign immunity as to suit against the Director in section 32.042. Even had Ramirez not abandoned this argument, the argument lacks merit because section 32.042 merely provides how the Director may be served and does not contain the "sue and be sued" language previously found sufficient to amount to express consent to waive sovereign immunity for a non-tort claim. *See Kubley*, 141 S.W.3d at 23; *Allen*, 638 S.W.3d at 891 ("Statutory provisions waiving sovereign immunity are strictly construed.").

[6] Ramirez also cites *Investors Title Co. v. Hammonds*, 217 S.W.3d 288, 298 (Mo. banc 2007), another plainly distinguishable case in which the Court held sovereign immunity did not bar the plaintiff's claim against county officials for money had and received based on a cashier's overcharges of prescribed statutory fees to conceal the cashier's theft. Ramirez does not claim he paid more than the prescribed statutory surcharge amounts related to the Seven State Funds.

Constitution. *Id.* at 581. The fundamental difference between *Fowler* and this case is *Fowler* did not involve or even discuss sovereign immunity.[7]

In *Kubley*, this Court found the state expressly consented to waive sovereign immunity as to the plaintiff's contract claim for money had and received against DCSE by statutory language authorizing DCSE to sue and be sued. *Kubley*, 141 S.W.3d at 23. For this reason, *Kubley* is distinguishable from this case. As set out above, Ramirez acknowledges he is not claiming the state expressly consented to waive sovereign immunity but is instead asking this Court to find the state waived sovereign immunity by implied consent. In *Kubley*, because express waiver applied, the Court did not address whether consent to waive sovereign immunity may be implied for a quasi-contract claim. *Id.* at 31 n.13 ("This case does not raise, and therefore the Court does not address, whether, in the absence of statutory consent, consent may be implied for a quasi-contractual claim[.]").

Neither *Fowler* nor *Kubley* controls the outcome in this case. Further, this Court has never held that consent to waive sovereign immunity may be implied based only on the nature of a claim as equitable or quasi-contractual and declines Ramirez's invitation

---

[7] Although sovereign immunity is dispositive, *Fowler* also is factually distinguishable because it applied the "bright-line rule" from *Harrison v. Monroe County*, 716 S.W.2d 263, 267 (Mo. banc 1986), that "court costs used to enhance compensation paid to executive officials are not 'reasonably related to the expense of the administration of justice' and, therefore, violate article I, [section] 14." *Fowler*, 623 S.W.3d at 584-85 (quoting *Harrison*, 716 S.W.2d at 267). Here, Ramirez does not contend any of the court cost surcharges are used to enhance compensation paid to executive officials. In *Harrison*, as in *Fowler*, there is no mention of sovereign immunity. *Harrison*, 716 S.W.2d at 264-70.

8

to so hold now.  Such a holding would be contrary to this Court's precedent recognizing sovereign immunity as the rule, not the exception, and finding sovereign immunity applies to all suits against all public entities absent "an express statutory exception to sovereign immunity, or a recognized common law exception." *Poke*, 647 S.W.3d at 21 (internal quotation omitted).

Ramirez's unjust enrichment suit against the Director and the Treasurer is barred by sovereign immunity.  The circuit court properly entered judgment for the Director and the Treasurer on their motion for summary judgment.

## Conclusion

This Court affirms the circuit court's judgment.

_____
Ginger K. Gooch, Judge

All concur.